UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE FLORES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MACY'S RETAIL HOLDINGS, LLC,<br><br>　　　　Defendant. | Case No. 23-cv-06144-KAW<br><br>**UPDATED INSTRUCTIONS REGARDING PRETRIAL FILINGS** |

In preparation for the upcoming pretrial conference, the Court provides updated instructions regarding certain pretrial filings.

**A.   Pretrial Filings Due July 15, 2025**

　　**i.   Jury Instructions**

The parties must file a **joint** set of proposed jury instructions, arranged in the order the parties propose the Court to give the instructions. The parties should use the Ninth Circuit Model Jury Instructions to the fullest extent possible. Modified and "custom" proposed instructions are discouraged. If offered, they must be clearly identified as such.

If undisputed, an instruction shall be identified as "Stipulated Instruction No. __ re ____," with the blanks filled in as appropriate.

If disputed, each party's proposed version of the instruction shall be inserted together, back-to-back, in their logical place in the overall sequence. A disputed instruction shall be identified as "Disputed Instruction No. ___ re _____ offered by ____," with the blanks filled in as appropriate. All disputed versions of the same basic instruction shall bear the same number. If a party does not have a counter-version and simply contends that no such instruction should be given, that party should so state on a separate page inserted in lieu of an alternate version.

Following each set of competing versions of a disputed instruction, each party shall explain, in no more than two pages, why the Court should give that party's proposed instruction or why an instruction should not be given at all. **Citations with pin cites are required**. The parties are required to meet and confer in good faith to keep disputed instructions to a minimum. Unilateral or separate submissions will be stricken.

The parties must e-mail a clean copy (*i.e.*, only the instructions, with no citations and objections) of the proposed jury instructions in standard Word format (.doc or .docx, not .pdf format) to kawpo@cand.uscourts.gov.

### ii. Voir Dire

The parties shall jointly provide no more than fifteen (15) voir dire questions for the Court to ask jurors. This is separate from the ten case-specific questions for the electronic questionnaire.

### iii. Exhibits and Excerpts of Discovery

In addition to the list of each party's exhibits, the parties shall serve and file a list of each party's proposed excerpts from discovery that will be offered at trial.

The parties shall exchange premarked exhibits in any format of their choosing. Plaintiff shall use numbers (1, 2, 3, etc.) and defendant shall use numbers preceded by a letter (A-1, A-2, A-3, etc.). Additional parties shall also use a letter preceding numbers (B-1, B-2, B-3, or C-1, C-2, C-3, etc.).

### iv. Chambers Copies

As previously required, the parties shall lodge <u>two</u> sets of all pretrial filings to the Oakland Clerk's Office within one court day of filing. The filings must be contained in a binder, separated by tabs labelled with the name of the filing (i.e., joint pretrial statement, trial brief, voir dire questions, jury instructions, verdict forms, exhibit lists, etc.).

The parties shall also deliver a flash drive of all premarked exhibits and discovery excerpts (including deposition testimony or admission) to the Oakland Clerk's Office within one court day of the filing of the party's exhibit lists and proposed excerpts of discovery. Each exhibit must be its own individual file, labeled by Exhibit #, and Brief Description, e.g., Exh. 5, May 5, 2025 Contract. The exhibits shall be labeled in the lower right-hand corner with the exhibit number in a

prominent, bold typeface.

### B. Pretrial Filings Due July 25, 2025

The deadline to file oppositions to motions *in limine* remains July 25, 2025. Again, no replies to motions in limine shall be filed. The parties shall lodge <u>two</u> sets of their oppositions to the Oakland Clerk's Office within one court day of filing.

### C. Evidentiary Objections Due August 1, 2025

The parties are no longer required to file evidentiary objections by July 25, 2025.

Instead, by August 1, 2025, after meeting and conferring in a good faith to resolve any objections, counsel and/or parties shall jointly file the following.

#### i. Exhibit Objections

Each party shall identify no more than fifteen (15) of the opposing party's exhibits for which the submitting party seeks rulings on objections prior to trial. A party may identify an exhibit that it believes is critical to the case or an exhibit that it believes is representative of other exhibits, such that the identified exhibit will provide a bellwether as to how the Court will rule on other exhibits. The objecting party must include a robust explanation for the objection, which shall be no more than two pages. For example, it is insufficient to state that an exhibit is hearsay; the party must explain how the exhibit constitutes impermissible hearsay. The objection and explanation shall be no more than two pages.

Immediately following the objection shall be the opposing party's response. The response shall be no more than two pages.

At the end of the joint submission, the parties shall include a declaration, signed by lead counsel, under penalty of perjury, stating that they have attempted to resolve the objections in good faith.

The parties shall attach a copy of the exhibits at issue to the joint submission.

#### ii. Other Evidentiary Objections

Objections and responses to objections regarding excerpts of depositions and other discovery, witnesses, and verdict forms. The objections and responses must be supported by legal authority and analysis.

       **iii.    Chambers Copies**

The parties shall lodge <u>two</u> sets of these joint filings to the Oakland Clerk's Office within one court day of filing. The filings must be contained in a binder, separated by tabs (i.e., exhibit objections (with each exhibit at issue tabbed with the <u>exhibit</u> number), witness objections, etc.).

**D.    Bench Copy**

A bench binder containing a copy of each side's exhibits must be provided to the Court on the first day of trial. Each exhibit must be separated with a tabbed and labeled divider.

**E.    Summary of Dates**

| | |
|---|---|
| Trial | August 25, 2025 |
| Pretrial Conference | August 13, 2025 |
| Joint Evidentiary Objections and Responses | August 1, 2025 |
| Oppositions to Motions in Limine | July 25, 2025 |
| Joint Pretrial Statement; Motions in Limine | July 15, 2025 |
| Meet and Confer | July 3, 2025 |

The parties are encouraged to reach out to Judge Beeler for further settlement discussions.

IT IS SO ORDERED.

Dated: May 15, 2025

_____
KANDIS A. WESTMORE
United States Magistrate Judge